IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEAN LUNIQUE GEFFRARD, | ) | |
| Petitioner | ) | C.A. No. 09-302 Erie |
| | ) | |
| vs. | ) | |
| | ) | **District Judge McLaughlin** |
| UNITED STATES IMMIGRATION, | ) | **Magistrate Judge Baxter** |
| Respondent. | ) | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.      RECOMMENDATION**

It is respectfully recommended that the instant *habeas corpus* action be dismissed for Petitioner's failure to prosecute.

**II.     REPORT**

**A.      Relevant Procedural History**

On December 7, 2009, this Court received a "motion to order immediate release," from Petitioner Jean Lunique Geffrard, an inmate at the York County Prison in York, Pennsylvania. [Document # 1]. The "motion" appears to be in the nature of a *habeas corpus* request, but is not on the proper forms and does not contain appropriate allegations to substantiate the relief requested. In addition, Petitioner has failed to submit either a motion to proceed *in forma pauperis* ("ifp motion") or the applicable filing fee of $ 5.00. As a result, this Court issued an Order dated December 22, 2009, requiring Petitioner to re-file the "motion" as a petition for writ of *habeas corpus,* on the proper forms and with appropriate allegations, and to either file an ifp motion or pay the required filing fee, on or before January 10, 2010, or suffer dismissal of this action for failure to prosecute. [Document # 2]. To date, no response to this Court's Order has been received.

**B.     Discussion**

The United States Court of Appeals for the Third Circuit has set out a six-factor balancing test to guide a court in determining whether dismissal of a case is appropriate. Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984). The court must consider: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense. Id. at 868. Not all of the six factors need to weigh in favor of dismissal before dismissal is warranted. Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988).

Applying the Poulis factors to the present matter, this Court recommends the dismissal of this matter. Since the filing of this matter, Petitioner has taken none of the necessary first steps to prosecute this case. Further, Petitioner has ignored an order by this Court. Petitioner is proceeding *pro se* and therefore bears all of the responsibility for any failure in the prosecution of his claims. Alternative sanctions, such as monetary penalties, are inappropriate with indigent parties. Although Petitioner's allegations may state a claim upon which relief could be ultimately be granted, the merits of the claim are impossible to determine at this early stage of the proceedings.

**III.    CONCLUSION**

For the foregoing reasons, it is respectfully recommended that the instant *habeas corpus* action be dismissed for Petitioner's failure to prosecute.

In accordance with the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), and Fed.R.Civ.P. 72(b)(2), the parties are allowed fourteen (14) days from the date of service to file written objections to this report and recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of some appellate rights. See Nara v. Frank, 488 F.3d

187 (3d Cir. 2007).

                                                             /s/ Susan Paradise Baxter
                                                             SUSAN PARADISE BAXTER
                                                             United States Magistrate Judge

Dated: February 24, 2010

cc:    The Honorable Sean J. McLaughlin
       United States District Judge